## No. 151
## LUSK et v. REYNOLDS

Ohio Appeals, 6th Dist., Lucas Co.
No. 1459. Decided Jan. 19, 1925.

148. BILL OF EXCEPTIONS—Must be complete when filed in time allowed by statute. Filing of vague bill, followed by subsequent insertion of transcript of trial court testimony, held not sufficient.

CHITTENDEN, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Lovetta Reynolds brought an action against Elizur Lusk in the Lucas Common Pleas to contest the will of Clara Schlotman, deceased. The court found the supposed will not to be the last will and testament of Schlotman. Motion for a new trial was granted and again a jury returned a verdict as before.

Lusk filed, in 39 days after date of overruling a motion for a new trial, a paper denominated a bill of exceptions, such bill being three sheets of paper, one upon which was the title of the case and formal statements found in bills of exceptions; it also contained a portion of a stipulation. The third page contained the formal ending of a bill. Notice was sent to counsel of Reynolds by mail, of the filing of said bill, and the trial judge indorsed a 15 day extension for its signing.

Reynolds filed a motion to have the record corrected by an order setting aside and cancelling the approval of so-called bill of exceptions, and ordering the removal of all pages therefrom except the original three. She claims that after the 15 day extension had been granted, Lusk inserted into the bill of exceptions 271 pages of typewritten matter, being the transcript of the entire case as tried in the Common Pleas. This was alleged to have been done before the expiration of the 15 day extension. The trial judge overruled the motion and Reynolds filed a petition in error in the Court of Appeals.

The Court of Appeals reversed the trial court on the overruling of motion to correct the record, and held:

1. Sec. 11564 GC provides that bills of exception shall be reduced to writing and filed not later than 40 days after overruling of motion for a new trial. Subsequent sections indicate that the bill must be complete when filed.

2. Inasmuch as there was no valid bill of exceptions, and as there were no errors complained of by Lusk other than those that were necessary to be shown by a bill of exception, the judgment of the Common Pleas was affirmed.

Attorneys—Charles E. Meck and Marshall & Fraser for Lusk; C. T. & B. W. Johnson and J. E. Farber for Reynolds; all of Toledo.

## No. 152
## FAINBROUGH v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5323. Oct. 13, 1924.

333. CRIMINAL LAW—Silence as an admission of guilt may be shown only under certain circumstances.

480. EVIDENCE—Declarations made in presence of accused followed by silence to be received with caution.

LEVINE, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Fainbrough and one Boehlin were indicted for the murder of a policeman. Fainbrough while at the police station after his arrest was confronted by Boehlin who narrated in Fainbrough's presence an account of the murder in which he declared that he and Fainbrough were standing on a corner when several policemen approached and that Fainbrough fired at them, killing one. During this narration Fainbrough attempted to ask a question, but was told by the police inspector that he could not ask questions at that time and to wait until Boehlin finished. At the trial the State offered in evidence the statements made by Boehlin at the police station in Fainbrough's presence, together with evidence of Fainbrough's silence at the time. The trial court admitted this evidence over objection. The jury returned a verdict of guilty as charged with the recommendation of mercy and the court pronounced sentence to the penitentiary for life.

Fainbrough prosecuted error. Held:

It is not every instance of silence in the hearing of a declaration that renders it admissible as an admission of guilt. The question always is: was the prisoner called upon to speak and if he attempted to speak did he have permission to do so? This kind of evidence should always be received with great caution. The statements made by Boehlin in Fainbrough's presence were inadmissible, and their admission was prejudical error. Reversed and remanded.

Attorneys—Alfred L. Steur for Fainbrough; E. C. Stanton for State; both of Cleveland.